UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEPHEN E. JOHNSON, et al, | CASE NO. 1:18 CV 2521 |
| Plaintiff, | Judge: JUDGE OLIVER |
| vs. | MAG. JUDGE RUIZ |
| | CIVIL RIGHTS COMPLAINT: |
| CUYAHOGA COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS, a U.S. agency; **Judge, LESLIE ANN CELEBREZZE,** and **Magistrate, TIMOTHY G. SPACKMAN,** in their individual and official capacities, | 42 U.S.C. § 1983- 42 U.S.C. § 1986: Second, Fifth **and** Fourteenth Amendments; <u>5 U.S.C. § 552a(g)</u> **VIOLATING THE PRIVACY ACT** OHIO REVISE CODE: **ORC 2921.45** Interfering with Civil Rights |
| Defendants, | |

FILED 2018 OCT 31 PM 4:17 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND

**Pucket v. Cox, 456 2nd 233 (1972) (6th Cir. USCA)**
Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

1

## JURISDICTION

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 through 42 U.S.C. § 1986 based upon the continuing violations of Plaintiffs' rights under the Second, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. VIOLATING THE PRIVACY ACT: 5 U.S.C. § 552a(g). Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

## DEMAND FOR JURY TRIAL

2. Pro Se Plaintiff states that he has stated a claim upon relief should be granted against all of the Plaintiff's herein Federal Claims For Action, and that a reasonable Juror would rule in Plaintiff's favor that Defendant's while acting below and outside the color law blatantly violated Plaintiff's clearly established Federal Constitutional Rights and therefore demands a Jury Trial. **FEDERAL RULES OF CIVIL PROCEDURE: RULE 38**

## PARTIES PRESENTED

3. That Plaintiff STEPHEN E. JOHNSON is a disabled free U.S. Citizen whom of the State of Ohio resides in Cuyhaoga County. Whom possesses the capacity to sue the Defendant's et al for blatantly violating clear established Federal Civil Rights, Federal Statues and Laws and his Constitutional Rights protected under Federal Equal Protection of the Law as set forth in the Claims for Action. 4. That Defendant's CUYAHOGA COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS, Judge, LESLIE ANN CELEBREZZE & Magistrate, TIMOTHY G. SPACKMAN, at The CUYAHOGA COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS, One W. Lakeside Ave, Cleveland, Ohio 44113. Who Possesses the capacity to be sued for acting under and outside color of State and Federal Laws in their official-capacities, and personal-capacities for blatantly violating Plaintiff's clearly established Federal Civil

Rights, Federal Statues, Laws and Plaintiff's U.S. Constitutional Rights as set forth in the Claims for Action.

## STATEMENT OF THE FACTS:

5. PLAINTIFF WAS INVOLVED WITH A CIVIL DOMESTIC VIOLENCE CASE: 8-22-18 DV17 368501. In which he filed timely a writ of prohibition with the OHIO SUPREME COURT on 3-30-18 due to his U.S. Constitutional Rights being blatantly violated throughout all the hearings and Trial by the named above defendants. Plaintiff states that even the Ohio Supreme Court in **Dgimler-Chrysler Fin. Servs. N. Am. V Hursell** 2011-Ohio-571 has clearly stated that:"Because Subject Matter Jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived **and may be challenged at any time.** A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him, and if he deliberately conceals material information from them he is guilty of fraud. During the scope of this case while defending against the frivolous charges imposed against the will of Plaintiff he was denied due process & equal protection rights after countless motions filed by Plaintiff were blatantly ignored and sat/not ruled for or against and still proceeding with trial ignoring **Ohio Civil Rules Of Procedure.** The OHIO SUPREME COURT dismissed Plaintiff's Writ on June 6th 2018. Plaintiff filed a reconsideration Writ on June 15th 2018, then The OHIO SUPREME COURT dismissed Plaintiff's reconsideration on August 1st 2018. On June 1st 2018 a Civil Protection Order Against Plaintiff for the Next five years he will loose his rights to bear arms and not be allowed to be in the same capacity as ex-wife but his 8 year old son was taken off the order because there was no evidence of abuse. Plaintiff reported misconduct of the Petitioner's Attorney to the Magistrate but was ignored. On November 28th 2017 Plaintiff filed a Grievance against ADAM SETH BAKER(69000) for Violating the OHIO RULES OF PROFESSIONAL CONDUCT. This Officer of the Court was not honest about service of mailings on three different occasions this occurred. The first time when Plaintiff was not served a notice of appearance he did not complain, until the Petitioner's failed to answer Request for Admissions for discovery on time and persuaded the Magistrate to grant more time and still didn't meet the Court Ordered deadline. The last straw was when the Petitioner's

3

filed his answer into the record on November 9th 2017 claiming they did complete the admissions, again that answer was never served and without the The Answers Admissions attached if she/he truly did so. Fraud Upon the Courts: Petitioner's Counsel Failure of Service along with forged dated Requests for The Admissions. Plaintiffs/Respondent's October 31st 2017 Motion to have request for Admissions Deemed Admitted and for Summary Judgment was never properly ruled on before ongoing proceedings Civ. R. 36(C) **Staff Note (July 1, 2005 Amendment) Rule 36(C) Document containing request for admission.** *Civ. R. 36 is amended to require that a party include a specific caption on any document that includes one or more requests for admission. The amended rule recognizes that, unlike Civ. R. 33 (written interrogatories) and Civ. R. 34 (requests for production), Civ. R. 36 imposes a virtually self-executing sanction, i.e., admission by default, on a party that fails timely to respond. See generally Cleveland Trust Co. v. Willis, 20 Ohio St.3d 66 (1985).*

## FIRST CAUSE OF ACTION

6. Failure of Service from the Courts, On several occasions Plaintiff did not receive mailings from the court and discovered by calling the courts if anything been filed since this particular proceedings was not available for the Public. ***November 22nd 2017 Plaintiff filed notice of case party change of address/update contact info.* See exhibit 1a** Thus far Plaintiff was not able to meet deadline to file into the courts what he intended on using for Trial, **See exhibit 1b** Causing him not to be able to defendant himself properly **ORC 2921.45**.

## SECOND CAUSE OF ACTION

7. Plaintiff's Due Process protected by the *5th Amendment and equal protection rights protected by the 14th Amendment* have been violated on numerous occasions:

4

January 31st 2018 Plaintiffs/Respondents Objection to Order for trial, which was later amended February 5th 2018. On February 7th 2018 Magistrate proceeded with Trial with Pre-mature Rulings without Ruling on Motions Pending including the two stated above, as if they were never in the docket. **See exhibit 2 & exhibit 1b.** *That structure establishes this Court as the supreme judicial interpreter of the Federal Constitution and laws, but gives other federal courts no higher or more respected a role than state courts in applying that "Law of the Land" -which it says all state courts are bound by, and all state judges must be sworn to uphold. U. S. Const., Art. VI. See Robb v. Connolly, 111 U. S. 624, 637 (1884); Ex parte Royall, supra, at 251; Brown, 344 U. S., at 499 (opinion of Frankfurter, J.).* **"Fraud destroys the validity of everything into which it enters, "Nudd v. Burrows, 91 U.S 426. "Knowing failure to disclose material information necessary to prevent statement from being misleading, or making representation despite knowledge that it has no reasonable basis in fact, are actionable as fraud under law."Rubinstein v. Collins, 20 F.3d 160, 1990.** McNally v. U.S., 483 U.S. 350, 371-372 (1987), Quoting U.S. v. Holzer, 816 F.2d. 304, 307: "Fraud in its elementary common law sense of deceit - and this is one of the meanings that fraud bears in the statute, see United States v. Dial, 757 F.2d 163, 168 (7th Cir. 1985) - includes the deliberate concealment of material information in a setting of fiduciary obligation.

### THIRD CAUSE OF ACTION

8. Failure of the Courts to protect the identity of plaintiff by allowing CASE: DV17 368501 to be accessed online., **ORC 2921.45. See exhibit 2 (again)**

5

## FOURTH CAUSE OF ACTION

9. Failure of the Courts to Entertain a Frivolous (PTO) that continues to commit Perjury by lying and misleading the courts with contradictions from petitioner's own Ex Pa rte & two page statement pointed out on several occasions in his Pleadings and Motions, including the transcripts for dates February 7th 2018 & April 25th 2018. The Courts were aware that a Writ of Prohibition was filed on March 30th 2018 by the plaintiff/respondent were still pending, but proceeded to continue with trial. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action." *Melo v. US, 505 F2d 1026.* If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer, 35 Ohio St.3d 68 (1988)." State ex rel. Jones v. Suster, 84 Ohio St.3d 70, 75 (1998).*

## RIGHT TO AMEND

10. That this Pro Se plaintiff reserves the Right to Amend the herein Pro Se Federal Complaint For Civil Action as may be required under **FEDERAL RULES OF CIVIL PROCEDURE, FEDERAL STATUTE, and in the Interest of Justice. FEDERAL RULES OF CIVIL PROCEDURE: RULE 15.**

## SUMMARY AND RELIEF

WHEREFORE, Pro Se Plaintiff demands that this Honorable U.S. District Court For the Northern District of Ohio grants the Plaintiff Federal Complaint For Civil Action, Pursuant to 42 U.S.C. § 1983 through 42 U.S.C. § 1986 et seq; Federal Common Law

et seq, and all other applicable Federal Statues & 5 U.S.C. § 552a(g). Now Plaintiff has stated a claim upon which relief should be granted with reasonable probability that a Jury of reasonable minds would agree to rule in favor of the Plaintiff's Federal Civil Rights protected under clearly established Federal Laws and the U.S. Constitution as determined by the U.S. Supreme Court. Plaintiff claim seeking the following: (A) That this Honorable U.S. District Court For the Northern District of Ohio issue that Plaintiff will not be bound by (PTO) restricting his **Second Amendment**, and this Honorable U.S. District Court For the Northern District of Ohio issue both Declaratory and Injunctive relief to Plaintiff on any/all Claims For Action asserted by Plaintiff against Defendant's acting within his and her judicial-capacities and found to be Following all Federal and State Law and not violate Plaintiffs Federal Constitutional Rights and Laws. (B) That this Honorable U.S. District Court For the Northern District of Ohio issue an "Order for Ex Parte Injunctive Relief" against all Defendants named including other Local, State & Federal Agencies from any further imminent "retaliation, harrasment, coercion, threats, and intimidation" against this Particular Pro Se Plaintiff for being lawfully engaging in exercising his U.S. Federal Constitutional Rights to Associate, Equal Protection of the Law, and Due Process of Law Seeking Redress from Government, by filing this Truthful Federal Complaint For Civil Action as protected under Federal laws, and **Second, Fifth and Fourteenth Amendments** to the United States Constitution and for *__VIOLATING THE PRIVACY ACT: 5 U.S.C. § 552a(g)__*. (C) That this Honorable U.S. District Court For the Northern District of Ohio issue Order for Jury Trial for this Pro Se Plaintiff to obtain actual,compensatory, treble, and punitive damages from Defendants et al in the sum of $750,000 (ie, Seven Hundred & Fifty Thousand Dollars) on any or all Claims For

7

each Action asserted by Plaintiff(s) against Defendants found acting **outside** his and her Judicial-Capacities, and or Personal Capacities for violating this Plaintiffs clearly established Federal Civil Rights protected under clear and adjudicated facts backed by The U.S. Constitution, Federal Laws and Ohio State Laws for violating this Plaintiff's Federal Constitutional Rights under Equal Protection Rights & Due Process

Respectfully Submitted,

PLAINTIFF IN PRO PER

Stephen E. Johnson
P.O. Box 202013
Cleveland, OH 44120
(440) 922.6130

Date:                                                                          "ALL RIGHTS RESERVED"