UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN E. JOHNSON, *Pro Se*, ) | Case No. 1: 18 CV 2521 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CUYAHOGA COUNTY COURT OF ) | |
| COMMON PLEAS DOMESTIC ) | |
| RELATIONS, *et al.*, ) | |
| ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants ) | <u>AND ORDER</u> |

**Background**

*Pro Se* Plaintiff Stephen E. Johnson has filed an *in forma pauperis* civil rights Complaint in this matter pursuant to 42 U.S.C. § 1983 against "Cuyahoga County Court of Common Pleas Domestic Relations," Judge Leslie Ann Celebrezze, and Magistrate Timothy G. Sparkman. (Amended Complaint, ECF No. 3.) His action pertains to a state domestic relations case. (*See id.* at ¶ 5.) The Plaintiff alleges the Defendants violated his civil rights "[d]uring the scope" of the state case on the basis that "countless motions" he filed, including reports of attorney misconduct, were "blatantly ignored" or not ruled upon, and because a Civil Protection Order entered in the case violates his constitutional right to bear arms. (*Id*.) For relief, he seeks an order from this court that he "will not be bound" by the Civil Protection Order, $750,000 in damages, and an injunction preventing the Defendants from "further imminent retaliation, harassment, coercion, threats and intimidation" against him. (*Id.* at p. 7, "Summary and Relief.")

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than

formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

**Discussion**

Upon review, the court finds that the Plaintiff's Complaint must be summarily dismissed.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if it is claimed that a state court judgment violates federal rights. *See Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under the doctrine, federal courts lack jurisdiction to determine the validity of state court judgments, as well as constitutional claims "inextricably intertwined" with state court decisions. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

The Plaintiff's claims in this case are barred by *Rooker-Feldman,* as they clearly seek what amounts to impermissible appellate review of decisions made in a state domestic relations case. *See Dunina v. Hein*, No. C-3:06-CV-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (summarily dismissing a *pro se* plaintiff's civil rights complaint challenging a judge's decisions in a state

2

domestic relations case). This court lacks jurisdiction over the Plaintiff's claims.

Additionally, all of the Defendants are immune from suit, or cannot be sued, for damages for civil rights violations under § 1983 in any case. Common pleas courts are not *sui juris* and cannot sue or be sued in their own right. *Pulse v. Gale*, No. 3: 16 CV 91, 2016 WL 1704312, at *2 (N.D. Ohio April 27, 2016), citing *Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014). Accordingly, the Plaintiff has no plausible claim against the "Cuyahoga County Court of Common Pleas Domestic Relations" Division. Further, it is well-established that judges and other judicial officers are entitled to absolute immunity from suits under § 1983 based on their judicial acts, even if they acted erroneously or in bad faith. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Any claims the Plaintiff alleges against Judge Celebrezze and Magistrate Sparkman pertain to conduct and actions they took within the scope of their judicial duties in the state domestic relations case for which they are absolutely immune from suit. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (6th Cir. 1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction").

**Conclusion**

Accordingly, the Plaintiff's application to proceed *in forma pauperis* in this matter (ECF No. 2) is granted, and for the reasons stated above, his Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 28, 2019